

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0261-10

**DAVID O. MEEKINS, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE SEVENTH COURT OF APPEALS
LUBBOCK COUNTY**

**KELLER, P.J., filed a concurring opinion.**

The issue addressed by the court of appeals was "whether appellant consented to the search,"[1]

not whether any consent he might have given was voluntary. Whether or not someone's words

actually constitute "consent" is not an issue that fits neatly into the categories of cases that have been

addressed by the Supreme Court. The Supreme Court's caselaw appears to address three types of

---

[1] *Meekins v. State*, 303 S.W.3d 25, 27 (Tex. App.–Amarillo 2009).

consent issues: (1) voluntariness of consent,[2] (2) scope of consent,[3] and (3) authority (actual or apparent) to consent.[4] *Illinois v. Rodriguez*, the case that addresses apparent authority to consent, seems to have the most bearing on the issue before us.

In *Rodriguez*, the Supreme Court held that a search pursuant to consent was valid if the officers had a reasonable belief that the person who consented had authority to do so, even if that belief turned out to be wrong.[5] In arriving at this holding, the Supreme Court explained at length that reasonableness, not correctness, was the general standard under the Fourth Amendment by which to judge the factual determinations made by government agents.[6] The Court found "no reason to depart from this general rule with respect to facts bearing upon the authority to consent to search."[7] Indeed, the opinion at one point refers to the apparent authority to consent as simply "apparent consent"[8] and calls searches conducted pursuant to consent given by someone with apparent

---

[2] *See Schneckloth v. Bustamonte*, 412 U.S. 218 (1972).

[3] *See Florida v. Jimeno*, 500 U.S. 248 (1991).

[4] *See Georgia v. Randolph*, 547 U.S. 103 (2006); *Illinois v. Rodriguez*, 497 U.S. 177 (1990).

[5] 497 U.S. at 189.

[6] *Id.* at 183-88; *see id.* at 184 (rejecting the contention that government officers' "exercise of judgment regarding the facts" must be "not only responsible but correct."); *id.* at 185 ("It would be superfluous to multiply these examples. It is apparent that in order to satisfy the 'reasonableness' requirement of the Fourth Amendment, what is generally demanded of the many factual determinations that must regularly be made by agents of the government – whether the magistrate issuing a warrant, the police officer executing a warrant, or the police officer conducting a search or seizure under one of the exceptions to the warrant requirement – is not that they always be correct, but that they always be reasonable.").

[7] *Id.* at 186.

[8] *Id.* at 187.

authority as "seemingly consented searches."[9] *Rodriguez*'s rationale would appear to embrace not only situations in which an officer reasonably but incorrectly believed that a person had *authority* to consent, but also to a situation in which an officer reasonably but incorrectly believed that a person *had* consented.

The officer's reasonable belief being the inquiry, the standard for resolving that inquiry is "objective": whether "the facts available to the officer at the moment" would "warrant a man of reasonable caution in the belief" that the suspect had consented.[10] The subjective intent of the suspect would not be the issue; rather, the issue would be what a reasonable police officer would have believed when confronted with the suspect's responses.[11]

In this case, the trial court could have believed, based on the demeanor and tone of voice of appellant on the videotape and based on the demeanor and tone of voice of the officer on the witness stand (which we cannot observe), that appellant's response of "yes" or "I guess" would have been taken by a reasonable officer to be consent.

I join the Court's opinion.

Filed: May 4, 2011
Publish

---

[9] *Id.* at 186 n.*.

[10] *See id.* at 188.

[11] It may nevertheless be possible that a suspect's actual intent to consent would *defeat* a Fourth Amendment complaint even if it were determined that the officer did not act reasonably. This might occur if a suspect were to later confess that his earlier ambiguous response was intended as consent.